Brown v. Coriell.

James Brown and Stephen Brown, executors &c. of Stephen Brown, senior, deceased, appellants,

v.

Abner S. Coriell, administrator &c. of Ann E. Conover, deceased, and of Peter V. Conover, deceased, and George Conover, respondents.

A mortgagee cannot redeem his mortgage by setting up any independent personal demand against the mortgagor.

On appeal from a decree advised by Vice-Chancellor Pitney, whose opinion is reported in *Conover* v. *Brown, 4 Dick. Ch. Rep. 156.*

Mr. *Abraham V. Schenck,* for the appellants.

Mr. *Allan H. Strong,* for the respondents.

The opinion of the court was delivered by

Reed, J.

The undisputed facts in this case are these:   One Peter V. Conover had married a daughter of one Stephen Brown, senior. Peter V. Conover was indebted to his wife.   He was also indebted to his father-in-law, Stephen Brown, senior.   While so indebted, he became a defendant in an action brought against him as surety on the bond of a third person.   In view of this proceeding against him, he wished to secure his wife and father-in-law.   This purpose was accomplished in this way :   Conover gave a mortgage upon his real estate, to his father-in-law, for the amount of both debts.   The father-in-law gave his own promissory note to Mrs. Conover for the amount of her claim against her husband.   Mrs. Conover and her father died.   When she died, she held the note mentioned.   There was also found,

after her death, another note for $1,000, made by Stephen Brown, senior, and payable to Mrs. Conover.

The bill in the present suit was filed by Peter V. Conover, as the administrator of his deceased wife, against the executors of Stephen Brown, senior. The bill prays that the mortgage made by Peter V. Conover to his father-in-law, Stephen Brown, senior, to secure the debts mentioned, may be decreed to be the property of the complainant, as administrator of his wife; also, that the two promissory notes made by Stephen Brown, senior, to his daughter, Mrs. Conover, may be surrendered to the complainant, or that the amount due on such instruments, or payments received upon them, may be decreed to be paid to the complainant; also, for a discovery of all notes, securities or obligations made by Stephen Brown, senior, to Ann E. Conover, which the defendants may have or know of.

Peter V. Conover having died, Abner S. Coriell was appointed administrator *de bonis non* of Ann E. Conover.

A decree was made that said Coriell, as such administrator, was entitled to recover from the executors of Stephen Brown, senior, the amount of both of the notes in question, and that the moneys due on them should be applied, in the first place, to the satisfaction of the mortgage given by Peter V. Conover to the said Stephen Brown, senior.

It was decreed that the said mortgage should be surrendered to be canceled of record.

We are of the opinion that the facts in this case show no equitable ground upon which this decree can stand. In the first place, the conclusion which we draw from the testimony is, that the transaction between the three persons, Peter V. Conover, his wife, Ann E. Conover, and Stephen Brown, senior, as a part of which the first-mentioned note was given, was a novation. The husband assumed the position of debtor to his father-in-law for the amount of his debt to his wife, and secured his father-in-law by mortgage. The father assumed the position of debtor to his daughter in consideration of this security given him by the husband. The wife and daughter accepted the note of the father and discharged her husband.

Brown v. Coriell.

A legal obligation sprang into existence, from father to daughter. The note given by him to her was not a mere memorandum of the amount of her interest in the husband's mortgage. It was a legal debt, and its creation left in her father the legal title to the entire amount of the mortgage. The right to collect this note in a court of law, upon the death of the payee, passed to her husband as her administrator. The right to collect the amount of the mortgage from Conover, the husband, passed upon the death of Stephen Brown, senior, to his executors.

In this condition of affairs, no jurisdiction in a court of equity to seize upon the note and the mortgage existed. The right of the administrator to enforce the collection of the note, in an action at law, was complete. The authority to enforce the mortgage against Conover personally was a distinct affair. Even if the parties to the note and to the mortgage were identical, an insuperable objection to this decree would be presented, for it is perceived that the suit would amount to an attempt to redeem the mortgage by setting off this note against the mortgage. Now it is entirely settled in this state, that in a suit instituted to foreclose a mortgage, the defendant cannot set off any demand he may have against the mortgage debt. This rule rests upon the ground that such a suit is not a personal action, but a proceeding in rem. *Administrators of White* v. *Williams et al.*, 2 *H. W. Gr.* 376; *Dolman* v. *Cook*, 1 *McCart.* 67; *Bird* v. *Davis*, 1 *McCart.* 471; *Dudley* v. *Bergen*, 8 *C. E. Gr.* 397; *Vanatta* v. *New Jersey Mutual Life Insurance Co.*, 4 *Stew. Eq.* 17; *Parker* v. *Hart*, 5 *Stew. Eq.* 225.

It follows, as a matter of course, that such a set-off cannot be accomplished by a suit by the mortgagee to redeem by applying such an independent personal demand upon the mortgage.

Upon this ground, we are of the opinion that there was an absence of jurisdiction to make the decree respecting this note.

But had this court concluded that Stephen Brown, senior, held the mortgage partly in trust for his daughter, and that his note was given merely as evidence of the amount of her interest in it, I yet conceive that the decree would be questionable. The mortgage was that of Conover individually. The trust would have

been in his favor, only as the administrator of his wife. Her estate was unsettled. His interest *jure mariti* in her estate, was in the remainder, after payment of her debts. Yet before this remainder is ascertained, and without a determination whether any will exist, this decree applies a part of the assets to the payment of the personal debt of the husband.

The second note which is applied to the payment of the mortgage stands upon the same footing as the first, in respect of the absence of an equitable right to collect it or apply it to the mortgage. Assuming that it was an existing demand against the estate of Stephen Brown, senior, it was a strictly legal personal claim enforceable at law. No ground for the assertion of equitable control over it appears in the cause.

The decree is reversed.

*For reversal*—THE CHIEF-JUSTICE, DEPUE, DIXON, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, CLEMENT, SMITH—10.

*For affirmance*—None.